Filed 7/30/25  P. v. Jones CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B336406 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. |
| v. | Nos. PA001430, BA032527) |
| MAURICE DEVON JONES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge. Affirmed in part, reversed in part, and remanded.

Law Offices of Esther R. Sorkin and Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Maurice Devon Jones (defendant) appeals an order denying his request for resentencing under Penal Code section 1172.75 in case Nos. BA032527 and PA001430.[1] Defendant contends the trial court erred in failing to correct its records to show his 667.5, subdivision (b), enhancements were invalid. Defendant also argues the court erred in denying full resentencing under section 1172.75 in PA001430 because his section 667.5, subdivision (b), enhancement had been stayed.[2] We conclude defendant forfeited his arguments as to correcting the court's records. However, defendant is entitled to a hearing at which he is resentenced under section 1172.75 based on the recently issued *People v. Rhodius* (2025) 17 Cal.5th 1050. Thus, we affirm in part, reverse in part, and remand this matter.

## BACKGROUND

### The 1992 conviction (PA001430)

In 1992, defendant was found guilty following trial of second degree murder (§ 187, subd. (a); count 1), and willful, deliberate, and premediated attempted murder (§§ 664/187, subd. (a); count 2), with true findings that defendant personally inflicted great bodily injury (§ 12022.7; count 2) and personally used a firearm (§ 12022.5; counts 1 and 2). Defendant was sentenced to a total prison term of 22 years to life (term of life on count 2, plus two years pursuant to § 12022.5 and three years pursuant to § 12022.7; and 15 years to life on count 1, plus two years pursuant to § 12022.5).

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     Defendant's informal application for leave to file a supplemental brief is hereby granted.

Defendant also admitted a one-year section 667.5, subdivision (b), enhancement based on a prior conviction for shooting at an occupied motor vehicle (§ 246).[3] But at sentencing, this enhancement was stayed, which was to become permanent upon completing the sentences in counts 1 and 2.

**The 1993 conviction (BA032527)**

In 1993, defendant pled guilty to one count of mayhem (§ 203) and admitted a section 667.5, subdivision (b), enhancement based on a prior conviction in case A709094 for shooting at an occupied motor vehicle (§ 246). Defendant was sentenced to a total prison term of four years (three years on count 1, plus one year pursuant to § 667.5, subd. (b)). Defendant's sentence was to run concurrently with his ongoing sentence in PA001430.

**The section 1172.75 hearing**

In 2023, the California Department of Corrections and Rehabilitation notified the trial court pursuant to section 1172.75 that defendant's sentence included a now invalid one-year prior prison term enhancement. The court confirmed it received defendant's court file for review and resentencing pursuant to section 1172.75 and appointed counsel for defendant. The parties did not submit written briefs.

At the hearing, the trial court indicated it was taking no action as to the section 667.5, subdivision (b), enhancement in

---

[3]     We granted the People's motion for judicial notice as to three pages of the clerk's transcript from PA001430, prepared in *People v. Jones* (Sept. 29, 1993, B067036) [nonpub. opn.]. These are court records containing information regarding the imposed and stayed section 667.5, subdivision (b), enhancement in PA001430.

BA032527 because defendant had finished serving his term. Defendant acknowledged he had served his term and could not cite authority contrary to the court's position. The People submitted on this issue without argument.

As to the section 667.5, subdivision (b), enhancement imposed and stayed in PA001430, the parties argued whether full resentencing was required. Defendant contended there was a split in authority and the trial court should follow *People v. Christianson* (2023) 97 Cal.App.5th 300, 308, review granted Feb. 21, 2024, S283189 (*Christianson*), instead of *People v. Rhodius* (Nov. 13, 2023, E080064), review granted February 12, 2024, S283169 (*Rhodius*) (see sub. opn. 17 Cal.5th 1050). In opposition, the People asserted *Rhodius* made more sense because the court would be forced under *Christianson* to conduct a resentencing and find a lesser sentence despite the enhancement being stayed.

The trial court tentatively decided, "[i]n the [PA001430] case, I'm going to follow the *Rhodius* decision that basically says that if the one-year prior was imposed but stayed, there's nothing for the court to do, and [defendant is] not eligible. [¶] And in the [BA032527] case, I'm ruling that [defendant] served his sentence, and he's therefore not eligible. And I will leave it to your remedies on that." The court indicated it would issue a written ruling and took the matter under submission.

On December 19, 2023, the trial court issued its written ruling denying resentencing under section 1172.75 in both cases. The court maintained, "[t]he parties do not dispute that [defendant] has completed his prison term in BA032527-02; thus, the court cannot resentence him in that case." As to PA001430, the court explained, "there is a split in authority whether resentencing is available where a one-year prior was stayed.

4

[*Rhodius*] held that pursuant to section 1172.75, a defendant is [not] entitled to a full resentencing hearing based on invalidated prison term enhancements that were imposed but stayed. On the other hand, [*Christianson*] holds the opposite; that resentencing is authorized under section 1172.75 where the one-year prior(s) were stayed. The court elects to follow [*Rhodius*] and declines to resentence defendant in PA001430 where the invalidated enhancement was imposed but stayed." The court concluded, "Defendant's sentences in PA001430 and BA032527-02 remain unchanged and in their original calculations."

Defendant timely appealed.

## DISCUSSION

**I.  Defendant forfeited his argument that the trial court was required to correct its records to note the section 667.5, subdivision (b), enhancements were invalid**

Defendant contends the trial court should have corrected its records to show his section 667.5, subdivision (b), enhancements were invalidated under section 1172.75. Defendant argues the court had the necessary power and duty to correct the records and there were no jurisdictional issues. However, defendant failed to raise these issues in the underlying proceedings.

"It is well established that issues or theories not properly raised or presented in the trial court may not be asserted on appeal, and will not be considered by an appellate tribunal. A party who fails to raise an issue in the trial court has therefore waived the right to do so on appeal." (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 117.) This rule is important to allow the court to consider the issue and remedy the alleged

5

defect or shortcoming accordingly. (See *People v. Fuiava* (2012) 53 Cal.4th 622, 653 ["Defendant forfeited this claim by failing to raise this issue below, when the trial court could have remedied the alleged shortcoming"].) "It is axiomatic that as a court of review we usually decline to review issues which have not yet been considered in trial courts." (*McMillin Development, Inc. v. Home Buyers Warranty* (1998) 68 Cal.App.4th 896, 911.)

Here, defendant never argued or brought to the trial court's attention any issues regarding correcting its records. As to BA032527, defendant only acknowledged he had served his sentence and could not cite authority challenging the court's position that it could not conduct a full resentencing. As to PA001430, defendant only raised the split in authority on whether a full resentencing is required under section 1172.75 when a section 667.5, subdivision (b), enhancement is imposed but stayed. Defendant urged the court to follow *Christianson, supra*, 97 Cal.App.5th 300, review granted, instead of *Rhodius, supra*, E080064, review granted (see sub. opn. 17 Cal.5th 1050). Defendant raised nothing concerning the need to correct the court's records.

Further, defendant filed nothing to request relief on this issue after the trial court issued its written ruling. We note the court's written ruling indicates section 1172.75, subdivision (a), invalidates sentence enhancements imposed prior to January 1, 2020, pursuant to section 667.5, subdivision (b), and the only issue at the hearing was whether defendant was entitled to a full resentencing. Defendant does not dispute he failed to raise anything before the court regarding the necessity to amend the record. Accordingly, we conclude defendant forfeited his arguments here as to whether it was necessary to amend the

6

court's records to note his section 667.5, subdivision (b), enhancements were invalidated under section 1172.75.

## II. Defendant is entitled to a full resentencing hearing under section 1172.75 notwithstanding his enhancement being imposed and stayed

### A. *Standard of review*

"The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) "Whether section 1172.75 entitles [a defendant]—who is currently serving time on an abstract of judgment that includes a stayed but now invalid section 667.5, subdivision (b) enhancement—to a full resentencing is a question of law that we review de novo, under well-settled standards of statutory interpretation." (*Christianson, supra*, 97 Cal.App.5th at p. 308, review granted.)

### B. *Section 1172.75 resentencing does not apply only to imposed and executed enhancements*

The second issue in this appeal is whether the trial court erred in denying a full resentencing hearing under section 1172.75 on the ground defendant's prior prison term enhancement under section 667.5, former subdivision (b) had been stayed in PA001430.

With the enactment of Senate Bill No. 136 (eff. Jan. 1, 2020), the Legislature amended subdivision (b) of section 667.5 to impose a one-year enhancement only for each prior term served for conviction of a sexually violent offense. (Stats. 2019, ch. 590, § 1.) Effective January 1, 2022, the Legislature made the change retroactive, declaring "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."

(Former § 1171.1, subd. (a), added by Stats. 2021, ch. 728, § 3, now § 1172.75, subd. (a).)

At the time the trial court ruled on the matter at issue in this appeal, there was a split of authority on the question of whether a full resentencing hearing was required when a prior prison term enhancement, rendered invalid by section 1172.75, had been originally imposed and stayed, as opposed to imposed and executed. (*People v. Rhodius, supra*, 17 Cal.5th at p. 1057.) *People v. Rhodius* resolved the issue, finding "section 1172.75(a) is most naturally read to mean that a covered enhancement is invalid if it was 'imposed' before January 1, 2020, not just if it was 'imposed *and* executed.'" (*Id.*at p. 1063.) *People v. Rhodius* further explained the legislative history indicated no intent to distinguish between enhancements that were imposed and executed versus those that were imposed and stayed. (*Id.* at p. 1066.) The Supreme Court concluded the "retroactive invalidation of the previously imposed enhancements in turn mandates resentencing under section 1172.75, according to the procedures set forth therein." (*Id.* at p. 1068.)

The trial court in this matter, in striking the previously stayed one-year prior prison term enhancement in PA001430, did not conduct a full resentencing under the procedures of section 1172.75. Section 1172.75, subdivision (c), provides, upon determination of an invalid enhancement, the court "shall recall the sentence and resentence the defendant." Subdivision (d)(1), in turn, sets out procedures for the resentencing, including that it "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." Further, the court "shall apply the sentencing rules of the

8

Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) Moreover, the procedures provide the court "may consider postconviction factors" (*id.*, subd. (d)(3)); the rules relating to imposition of a middle or upper term must be followed (*id.*, subd. (d)(4)); and counsel shall be appointed (*id.*, subd. (d)(5)).

These procedures were not complied with in this case. Accordingly, we reverse the trial court's order and remand the matter to ensure compliance.

## DISPOSITION

The December 19, 2023, order denying a full resentencing pursuant to section 1172.75 is affirmed in part and reversed in part. The order is affirmed on the issue of whether it is necessary to amend the trial court's records to note defendant's section 667.5, subdivision (b), enhancements were invalidated under section 1172.75. The order is reversed as to the denial of a full resentencing pursuant to section 1172.75. On remand, the trial court shall resentence defendant under section 1172.75 according to the procedures set forth therein. We express no view as to how the court should exercise its sentencing discretion.

CHAVEZ, J.

We concur:

ASHMANN-GERST, Acting P. J.     RICHARDSON, J.

9